IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MUSTAFA MUHAMMAD,

    Petitioner,                                        CASE NO. 2:10-CV-151
                                                       JUDGE FROST
v.                                                   MAGISTRATE JUDGE KING

ROBERT WELCH, WARDEN,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, Doc. No. 3, respondent's *Motion to Dismiss*, Doc. No. 6, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's *Motion to Dismiss* be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts of this case as follows:

> Appellant testified in his own defense at trial. He admitted a prior conviction for aggravated robbery and two separate convictions for trafficking in cocaine. He admitted owning a number of firearms, including a Kalashnikov AK-47 with a 50 round ammunition clip. He testified that he got the AK-47 "to kill police officers with it," after police killed his brother.
>
> Appellant acknowledged owning the gun used in the armed robbery. He claimed he bought it to use in a suicide.
>
> Shortly before the armed robbery, he would disappear for long periods of time, partly because he was depressed and did not trust himself around family members, including his own son. He suffered fits of crying which he could not control.

> On the day of the robbery, he wanted to encounter the police, so he walked around with a gun in his hand. When no police responded, appellant entered a Rally's restaurant and ordered food. He claimed he paid for it. When the manager of the restaurant saw the gun and thought a robbery was taking place, appellant took the money given to him and waited for police outside.
>
> A police helicopter arrived and appellant claimed he tried to shoot at it. The gun clicked without firing a round and appellant claimed he "woke up" and realized he did not want to die. He panicked and fled.
>
> Appellant explained that he knew he needed help with his mental health problems following his brother's death and was unable to get help. At no time in his testimony did he claim that he was so mentally ill that he did not know the difference between right and wrong or that he did not know robbing a Rally's restaurant was wrong.

*State v. Muhammad,* No. 07AP-609, 2008 WL 2390782, at *3 (Ohio App. 10th Dist. June 12, 2008).

On May 30, 2006, a Franklin County Grand jury indicted Petitioner on one count of aggravated robbery, two counts of robbery, and one count of having a weapon while under disability, with firearm specifications. *Exhibit 1 to Motion to Dismiss.* After a jury trial, petitioner was found guilty, as charged. *Exhibit 7 to Motion to Dismiss.* On June 28, 2007, the trial court sentenced Petitioner to an aggregate term of eighteen years in prison. *Exhibit 8 to Motion to Dismiss.* Petitioner filed a timely appeal. He raised the following assignments of error:

> [I.] THE TRIAL COURT ERRED WHEN IT VIOLATED THE DEFENDANT'S CONSTITUTIONAL RIGHTS TO COMPULSORY PROCESS AND TO PRESENT A DEFENSE WHEN IT REFUSED TO ALLOW THE DEFENDANT TO CALL, AS HIS WITNESSES FOR AN INSANITY DEFENSE, PSYCHOLOGICAL EXPERTS WHO HAD EXAMINED AND EVALUATED HIM AND WHEN IT RULED THAT THE DEFENDANT COULD NOT ASK ANY QUESTIONS OF HIS LAY WITNESSES RELATED TO HIS SANITY AT THE TIME OF THE OFFENSE.
>
> [II.] THE TRIAL COURT ERRED WHEN IT FAILED TO CHARGE THE JURY ON THE DEFENSE OF INSANITY. THIS

>RULING HAD THE EFFECT OF A DIRECTED VERDICT AGAINST THE DEFENDANT, WHICH IS PROHIBITED IN CRIMINAL CASES, AND THE RULING DEPRIVED THE DEFENDANT OF HIS RIGHT TO A JURY TRIAL AND TURNED THE ENTIRE PROCEEDINGS INTO NOTHING MORE THAN A PROTRACTED GUILTY PLEA.
>
>[III.] THE TRIAL COURT ERRED WHEN IT IMPOSED COURT COSTS UPON THE DEFENDANT IN THE JUDGMENT ENTRY WHEN IT DID NOT IMPOSE COSTS UPON THE DEFENDANT DURING THE SENTENCING PROCEEDINGS WHERE THE DEFENDANT WOULD HAVE HAD AN OPPORTUNITY TO OBJECT ON THE BASIS OF HIS INDIGENCY.
>
>[IV.] THE TRIAL COURT ERRED WHEN IT NEGLECTED TO MAINTAIN THE DEFENDANT'S EVALUATIONS OF HIS COMPETENCY AND HIS SANITY AT THE TIME OF THE OFFENSE AS PART OF THE RECORD IN THIS CASE.

*State v. Muhammad*, *supra,* 2008 WL 2390782, at *1. The State of Ohio admitted error with respect to assessment of court costs and on June 12, 2008, the appellate court sustained Petitioner's third assignment of error but overruled the remainder of Petitioner's claims. The court of appeals vacated the judgment of the trial court awarding court costs and remanded the case to the Franklin County Court of Common Pleas for further proceedings. *Id*. Petitioner apparently did not file an appeal of the appellate court's decision to the Ohio Supreme Court. *See Exhibit 21 to Motion to Dismiss*. On August 22, 2008, the trial court held a re-sentencing hearing regarding assessment of costs. *Exhibit 13 to Motion to Dismiss*.

On September 10, 2008, Petitioner filed an application for reconsideration and for the reopening of his appeal pursuant to Ohio Appellate Rule 26(B). He argued, *inter alia*, that he had been denied the effective assistance of appellate counsel because his attorney failed to raise on appeal the following issues: "structural errors" occurred at trial due to a biased trial judge; the trial court improperly ruled on the prosecutor's motion regarding admission of petitioner's interview with

3

police outside the presence of the petitioner; the trial court improperly refused to permit admission of petitioner's interview with police; the trial court "did all that was possible to place [petitioner] at a disadvantage;" petitioner was denied the effective assistance of appellate counsel; the trial court improperly denied petitioner's request for "a proper evaluation"; defective indictment; petitioner was denied access to law books or the ability to prepare for trial. *Exhibit 14 to Motion to Dismiss.* On October 2, 2008, the appellate court denied petitioner's application. *Exhibit 16 to Motion to Dismiss.* Petitioner did not file a timely appeal; however, on January 21, 2009, he filed a motion for delayed appeal. *Exhibit 18 to Motion to Dismiss.* On March 4, 2009, the Ohio Supreme Court denied petitioner's motion for delayed appeal. *State v. Muhammad*, 121 Ohio St.3d 1407 (2009).

On February 19, 2010, Petitioner filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was executed by petitioner on February 4, 2010. Petittioner alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds, repeated here *verbatim*:

> 1. Ineffective assistance of appellate counsel.
>
> Appellate counsel refused to present meritorious arguments that was contained in the record and which clearly showed that petitioner was denied a fair trial guaranteed him under the due process clause.
>
> 2. Petitioner's due process rights were violated at trial.
>
> After allowing petitioner to represent himself, the trial judge then severely limited petitioner in his ability to prepair [sic] and conduct his defense in a manner that would have been appropriate under the circumstances.
>
> 3. Petitioner's right to a fair trial was violated when the trial judge engaged in bias and abusive discretions.

4

> Trial judge consistently engaged in bias and abusive discretion in his rulings towards defendant.
>
> 4. Prosecutorial misconduct.
>
> Prosecutor knowingly engaged in conduct in which he knew were in direct violation of his duty and responsibility, and was designed to deprive petitioner of his rights to a fair trial.

It is the position of the respondent that this action must be dismissed as barred by the one-year statute of limitations.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State

> post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the Court presumes that petitioner's conviction became final on September 21, 2008, *i.e.*, thirty days after the trial court's August 22, 2008 re-sentencing entry upon remand by the state appellate court.[1] At that time, petitioner had pending in the state appellate court an application for reconsideration or reopening pursuant to Rule 26(B). That application served to toll the running of the statute of limitations until October 8, 2008, when the appellate court denied the application. *See Lawrence v. Florida*, 549 U.S. 327 (20078); *Searcy v. Carter*, 246 F.3d 515, 518 (6th Cir. 2001); *Bronaugh v. Ohio*, 235 F.3d 280, 286 (6th Cir. 2000). The statute of limitations then ran for a period of 105 days, until January 21, 2009, when petitioner filed his motion for delayed appeal with the Ohio Supreme Court. Assuming that the running of the statute of limitations was again tolled for the period during which petitioner's motion for delayed appeal remained pending, or until March 4, 2009, the statute of limitations then expired 260 days later (365 minus 105), on November 19, 2009.[2] Petitioner waited until February 4, 2010, to execute his habeas corpus petition.

---

[1] Respondent argues that petitioner's judgment of conviction became final on July 27, 2009, forty-five days after the appellate court's June 12, 2008 decision vacating petitioner's judgment awarding court costs, but otherwise overruling his assignments of error. *See Return of Writ.* This Court will presume, however, that the statute of limitations did not begin to run until thirty days after the trial court re-sentenced petitioner, *i.e.*, when the time for filing an appeal of the re-sentencing expired. In any event, petitioner's habeas corpus petition remains untimely.

[2] Petitioner is arguably not entitled to tolling of the statute of limitations during this time because the state appellate court rejected his application for reconsideration as untimely, and Ohio does not permit delayed appeals in Rule 26(B) proceedings. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000)(proper filing includes time limitations on delivery); *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17 (2005)(untimely post conviction petition is not properly filed under § 2244(d)(2); *Allen v. Siebert*, 552 U.S. 3, 7 (2007)(same).

6

Petitioner argues that it was through no fault of his own that he did not file a timely appeal to the Ohio Supreme Court from the appellate court's October 8, 2008, dismissal of his application for reconsideration and reopening of the appeal. He states that he filed an appeal in a timely manner but that it was returned to him because he failed to attach a copy of the appellate court's decision. According to petitioner, he obtained a copy of the appellate court's decision, despite his repeated requests, only four days before the filing deadline in the Ohio Supreme Court. *Traverse,* at 3.

In a letter dated November 5, 2008, the Court Administrator for the state appellate court wrote petitioner:

> A review of the clerk's appearance docket reveals that copies of the Memorandum Decision and Journal Entry were mailed to you at P.O. Box 300, Orient, Ohio 43146, on October 8, 2008. I will have the clerk re-send the materials to the proper address.

*Exhibit 1 to Traverse*. Petitioner states that on November 14, 2008, he again submitted to prison officials timely appeal papers, but that this appeal did not reach the Clerk of the Ohio Supreme Court until November 18, 2008, one day after the filing deadline. *Id.* at 4; *see Exhibit 3A to Traverse* (In a letter dated November 19, 2008, a Deputy Clerk of the Ohio Supreme Court advised petitioner that his appeal was returned as received on November 18, 2008, one day late, and that he could not file a motion for delayed appeal in Rule 26(B) proceedings.)

In another letter dated January 5, 2009, a Deputy Clerk of the Ohio Supreme Court advised Petitioner that his attempted motion for delayed appeal was returned to him for failing to attach a copy of the decision of the state court of appeals, for failing to indicate that the case involved a felony, and for failing to submit the filing fee or affidavit of indigency. *Exhibit 3B to Traverse*.

The record fails to reflect extraordinary circumstances justifying an equitable tolling of the statute of limitations. "[P]etitioner bears the ... burden of persuading the court that he or she is

7

entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be applied only sparingly. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir.2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

In order to determine whether to equitably toll the statute of limitations, a court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Jurado v. Burt,* 337 F.3d 638, 643 (6th Cir. 2003)(citing *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001).

Here, Petitioner was convicted and sentenced in June 2007, at which time the statute of limitations in habeas corpus cases had long been in effect. It would not have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases. Further, there is no reason to conclude that petitioner did not have constructive knowledge of the one-year filing requirement. Lack of actual notice or "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim

> that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker,* 197 F.3d at 218. Petitioner's status as a *pro se* prisoner with limited access to the prison's law library likewise fails to justify equitable tolling of the statute of limitations for the period at issue here. *See Maclin v. Robinson*, 74 Fed.Appx. 587, unpublished, 2003 WL 22089274 (6th Cir. Sept. 8, 2003). Moreover, the record fails to support petitioner's argument that he was diligent in pursuing his claims. Even accepting as true petitioner's allegation that he could not obtain a copy of the appellate court's October 8, 2008, decision through no fault of his own (an allegation that is without support in the record), petitioner nonetheless waited eleven months after the Ohio Supreme Court's March 4, 2009, dismissal of his motion for delayed appeal, until February 4, 2010, to execute this habeas corpus petition.

Under these circumstances, this Court is not persuaded that the equitable tolling of the statute of limitations is warranted.    .

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that respondent's *Motion to Dismiss,* Doc. No. 6, be **GRANTED** and this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

<u>S/ Norah McCann King</u><br>
Norah McCann King<br>
United States Magistrate Judge

December 20, 2010