**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MUSTAFA MUHAMMAD,**

    **Petitioner,**　　　　　　　　　　　　**CASE NO. 2:10-CV-151**
　　　　　　　　　　　　　　　　　　　　　　**JUDGE FROST**
**v.**　　　　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE KING**

**ROBERT WELCH, WARDEN,**

    **Respondent.**

**OPINION AND ORDER**

On December 20, 2010, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's motion to dismiss the instant habeas corpus petition as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), Doc. 6, be granted and that this action be dismissed. *Report and Recommendation,* Doc. 16. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. *Objection,* Doc. 20. For the reasons that follow, Petitioner's *Objection* IS **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Respondent's motion to dismiss, Doc. 6, is **GRANTED** and this action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as time-barred. Petitioner again argues that equitable tolling of the statute of limitations is appropriate because the State failed to timely notify him of the appellate court's October 8, 2008, dismissal of his application for reconsideration and reopening of his appeal, and because his attorney withdrew "after doing a terrible job" on the appeal, leaving him without legal training and without counsel to assist him in pursuing additional relief. Petitioner also suggests, as a basis for equitable tolling of the statute of limitations, that he was diagnosed "with an anti-social

disorder" caused from prison transfers between March 4, 2009, and the date he filed this habeas corpus petition. *Objection.*

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review of the matter. As the Magistrate Judge noted, even assuming that the statute of limitations did not begin to run until September 21, 2008, *i.e.,* thirty days after the trial court's August 22, 2008 re-sentencing entry,[1] and assuming further that Petitioner's application for reconsideration or reopening tolled the running of the statute of limitations during the time that it remained pending in the Court of Appeals and in the Ohio Supreme Court, the statute of limitations nevertheless expired on November 19, 2009. Petitioner waited until February 4, 2010, *i.e.,* eleven months after the Ohio Supreme Court dismissed his delayed appeal, to execute his habeas corpus petition. Equitable tolling of the statute of limitations is to be only sparingly invoked and only under extraordinary circumstances. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). For the reasons specified in the *Report and Recommendation*, at 8-9, Petitioner was not diligent in pursuing his claims. Moreover, "the mere existence of a mental impairment does not provide a basis for equitable tolling of the statute of limitations. *Hoss v. Wolfenbarger*, No. 09-CV-12208, 2010 WL 2559892, at *7 (E.D. Mich. May 21, 2010)(citing *McSwain v. Davis*, 287 Fed.Appx. 450, 456 (6th Cir. 2008)). Petitioner must establish that "these health problems rendered him unable to pursue his rights" during the time period at issue. *Id.* (citation omitted). Petitioner has failed to meet this standard.

The record fails to reflect that equitable tolling of the statute of limitations is appropriate. *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003)(citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

---

[1] The trial court sentenced Petitioner on June 28, 2007.

Petitioner's *Objection* is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Respondent's motion to dismiss, Doc. 6, is **GRANTED. This action is hereby DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT**.

        /s/   Gregory L. Frost
      Gregory L. Frost
      United States District Judge